**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
DAHIANA DIAZ,

|  |  |
|---|---|
| Plaintiff, | Case No.: _____ |
| -against- | **COMPLAINT** |
| HIGHBRIDGE OGDEN INC., 181 PHARMACY INC. and BHARAT PATEL *individually*, | **PLAINTIFF DEMANDS A TRIAL BY JURY** |
| Defendants. | |

------------------------------------------------------------------------X

Plaintiff, Dahiana Diaz, by her attorney, Jesse C. Rose, Esq. of The Rose Law Group PLLC, hereby brings this action against the Defendants, upon information and belief, as follows:

**NATURE OF THE CASE**

1.      Plaintiff complains under the Fair Labor Standards Act ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay the minimum wage and overtime premium due and owed for hours Plaintiff was required to report to work, ready to perform work and actually performed work duties. Plaintiff seeks to recover unpaid back wages and an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2.      Plaintiff complains pursuant to the New York City Human Rights Law ("NYCHRL") due to Defendant Highbridge Ogden Inc. and Bharat Patel sexually harassing and discriminating against her on account of her gender and retaliating against her for rejecting sexual advances made by Defendant Patel and seeking reasonable accommodation for a disability she suffered.

3.       Plaintiff also asserts claims for Assault and Battery for the frequent sexual assault, which Defendant Patel committed on a regular basis within the workplace.

## JURISDICTION AND VENUE

4.   Jurisdiction of this Court is proper under § 16(b) of the FLSA (29 U.S.C. §216(b)); 42 U.S.C. § 2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.  The Court has supplemental jurisdiction over the claims of Plaintiff brought under common and New York City law pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in this district based upon Defendant being the City of New York and existing within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6.   That at all times relevant hereto, Plaintiff Diaz ("Diaz") was a resident of the State of New York and Westchester County.

7.   Plaintiff Diaz is and was, during all relevant times, an employee of Defendants Highbridge Ogden Inc. ("Highbridge") and 181 Pharmacy Inc. ("181").

8.   That at all times relevant hereto, Defendant Highbridge is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

9.   That at all times relevant hereto Defendant 181 is a domestic business corporation duly existing pursuant to, and by virtue of, the laws of the State of New York.

10.   Upon information and belief, Defendant Highbridge is jointly owned and operated with Defendant 181. The companies are owned and operated by a single married couple, trade employees and otherwise conduct business as a single enterprise and/or joint employer.

11.   Upon information and belief, both Defendant Highbridge and Defendant 181 individually do more than $500,000.00 in business each year.  Defendants Highbridge and 181 handle goods which have traveled in interstate commerce including pharmaceuticals and items sold in the store which, upon information and belief, are manufactured and distributed at least in part by out of state vendors.

2

12.     That at all times relevant hereto, Defendant Bharat Patel ("Patel") was the owner and manager of Defendant Highbridge and Plaintiff Diaz's direct supervisor.

13.     That at all times relevant hereto, Defendant Highbridge's principal place of business is located at 1230 Ogden Ave, Bronx, NY 10452 and Defendant 181's principal place of business is located at 565 W 181st Street, New York, New York 10033.

## MATERIAL FACTS

14.     Plaintiff Diaz is a female.

15.     Plaintiff Diaz began working for Defendants at the Defendant Highbridge location in or around June of 2014 as an hourly employee tasked with doing various clerical tasks and performing some manual labor.

16.     Plaintiff Diaz's position at Highbridge Pharmacy required her to work from Monday to Saturday from 9:30 a.m. to 7:00 p.m. Plaintiff Diaz worked fifty-seven (57) hours a week and received a flat pay rate of four hundred dollars ($400.00) each week in compensation.

17.     Defendant Patel was Plaintiff Diaz's direct supervisor.

18.     On or about October 7, 2014, Defendant Patel told Plaintiff Diaz she no longer could work at the pharmacy but provided no specific reasons. On the same day, Mr. Patel transferred her to work at his other location, Defendant 181 Pharmacy, located at 565 W 181st St #1, New York, NY 10033.

19.     Plaintiff Diaz's position at 181 Pharmacy required her to work Monday to Friday from 10:00 a.m. to 7:00. p.m. and Saturdays from 10:30 a.m. to 5:00 p.m.

20.     Plaintiff Diaz worked roughly fifty-two (52) hours a week and received a flat pay rate of two hundred and fifty dollars ($250.00) each week in compensation while reporting to Defendants' 181st Street location.

21.     Throughout her employment at Highbridge Pharmacy and 181 Pharmacy, Plaintiff Diaz

3

worked tirelessly and her work product was excellent. At no time did Defendants criticize her work product or discipline her.

22.   In or around September of 2015, Defendant Patel asked Plaintiff Diaz to return to work at Defendants' Highbridge location. Defendant Patel offered to keep her schedule the same and to pay her a higher wage of four hundred and sixty dollars ($460.00) a week.

23.   Defendant Patel inappropriately approached Plaintiff Diaz on her first day back at the Highbridge location.

24.   Defendant Patel began to express how much he missed Plaintiff Diaz. He asked her how her relationship with her husband was. He then called her beautiful and made several other inappropriate comments to Plaintiff Diaz that made her begin to feel uncomfortable. Defendant Patel then began to hug Plaintiff.

25.   Plaintiff Diaz sternly rejected any physical contact with Defendant Patel.

26.   Later that day, Defendant Patel approached Plaintiff Diaz, began touching her buttocks with his hand. He then attempted to kiss her. Defendant Patel told Plaintiff Diaz that he would like to go out with her and warned her not to tell anyone. Plaintiff Diaz told Defendant Patel that she was not interested and rejected his sexual advances.

27.   After this incident, Defendant Patel began to terminate several employees that worked alongside Plaintiff Diaz and assign their work to Plaintiff Diaz. He left her to do all the work on her own and often told her she was not allowed to ask for any help. Defendant Patel also took away Plaintiff Diaz's lunch hour in order for her to finish the work faster.

28.   On at least six (6) other occasions, Defendant Patel sexually assaulted Plaintiff Diaz by groping her, grabbing her buttocks, or otherwise grabbing her in a sexual way.

29.   Defendant Patel used offensive language and verbally attacked Plaintiff Diaz on several occasions. Defendant Patel also taunted Plaintiff Diaz frequently for her appearance or style

of clothing. This harassment was retaliation for Plaintiff Diaz's refusal to give into Defendant Patel's sexual advances.

30.   Not long after this happened, Defendant Patel found Plaintiff Diaz crying at work and asked her to leave early. When she arrived at home her husband and children began to ask questions as they were concerned for her. Plaintiff Diaz's husband called Defendant Patel immediately to find out what happened to her at work but Mr. Patel denied that anything happened.

31.   The next day, Defendant called Plaintiff Diaz and asked her to return to work at 9:30 a.m., her normal scheduled time.

32.   Due to the additional work and long hours standing and lifting heavy boxes that Plaintiff Diaz was now required to do, she began experiencing excruciating pain. She asked Defendant Patel for a day off in order to visit the doctor, but he refused and only advised her to take medication from their pharmacy, which had not been prescribed by a physician.  Defendant Patel also threatened to fire her on several instances if she were to take the day off to visit the doctor for her pains.

33.   On March 13, 2015, Plaintiff Diaz texted Defendant Patel to inform him that she would not be able to come to work. Following the text, Plaintiff Diaz immediately went to the emergency room at Lincoln Hospital due to horrible pains she was experiencing all over her body. She received medication and an injection to treat severe pain and discomfort.

34.   Upon information and belief, the medical condition she suffered under was a disability as it limited her ability to work, walk, lift, bend and other movements and functions.

35.   On March 14, 2015, Plaintiff Diaz filed a police report regarding the sexual harassment to which she had been subjected by Defendant Patel.

36.   On March 28, 2015, Plaintiff Diaz returned to work and was told she was terminated because she called out of work when she was warned not to and because she called the police and

5

alleged she was being sexually assaulted.

37.     Upon information and belief, this termination was retaliation for her complaint to the police and for her taking a leave of absence for treatment of her disabilities.

38.     As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of possible income, bonus, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced emotional, mental and physical distress.

39.     As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendant.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

40.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

41.     Defendant willfully employed Plaintiff in the afore-mentioned enterprise and failed to compensate Plaintiff for all hours worked during her employment.

42.     Defendant failed to pay the legally mandated minimum wage and overtime premium for hours worked over forty (40) during Plaintiff's employment.

43.     Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW (minimum wage and overtime)

44.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

45.     Plaintiff was an employee of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

46.    Defendant failed to pay Plaintiff the minimum wage and overtime premium for certain hours when Plaintiff was required to be at work, ready to work, and actually performing the work.

47.    Defendant's failure to comply with the New York Labor Law overtime protections caused Plaintiff to suffer loss of wages and interest thereon.

48.    Defendant's violation was willful.

49.    Defendant failed to pay overtime pay as is required by the New York Labor Law.

50.    On account of such violations, Defendant is liable to Plaintiff for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

51.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

52.    At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

53.    At all times relevant herein, defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

54.    At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

55.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56.    The New York City Administrative Code §8-107(1) provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender**, **disability**, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

57.    Defendants engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her disability and gender.

## AS A FIFTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

58.    Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59.    The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

60.    Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code §8-107(7) by discriminating against Plaintiff because of Plaintiff's requests for reasonable accommodation and complaint of sexual harassment to the police.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

61.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

62.     The New York City Administrative Code §8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

63.     Defendants violated the section cited herein as set forth.

## AS A SEVENTH CAUSE OF ACTION FOR
## BATTERY

64.     Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

65.     Defendant Patel's sexual batteries of Plaintiff amounted to a series of harmful and offensive contacts to Plaintiff's person, all of which were done intentionally by Defendant Patel without Plaintiff's consent.

66.     As a direct and proximate result of the aforementioned batteries, Plaintiff has sustained in the past, and will sustain in the future, physical injury, pain and suffering, serious psychological and emotional distress, mental anguish, embarrassment and humiliation.

67.     As a direct and proximate result of the aforementioned batteries, Plaintiff has been unable to pursue her usual activities due to her physical, psychological, and emotional injuries and damage.

## INJURY AND DAMAGES

68. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a possible salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced emotional and physical distress.

## JURY DEMAND

69. Plaintiff demands a trial by jury.

   **WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the NYCHRL by discriminating against Plaintiff on the basis of her gender and disability;

B. Declaring that the Defendants engaged in unlawful employment practices by failing to pay the minimum wage, overtime and provide appropriate notices required by the FLSA and NYLL;

C. Awarding damages to the Plaintiff, retroactive to the date of the failure to promote for all lost wages and benefits resulting from her termination and to otherwise make her whole for any losses suffered as a result of such unlawful employment practice;

D. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

E. Awarding Plaintiff punitive damages;

F. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

G.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
       July 22, 2016

_____
Jesse C. Rose
The Rose Law Group PLLC
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
(718)989-1864